UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANK EDWARD STORK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14 CV 1605 |
| | ) |
| TERRI RETHLAKE, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

Frank Edward Stork, a *pro se* plaintiff, brings this action pursuant to 42 U.S.C. § 1983 against two State court judges, three court clerks, and the Indiana Attorney General alleging various errors in connection with his Post-Conviction Relief proceeding and appeal. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

### CLAIMS AGAINST JOHN M. MARNOCHA AND MARGRET G. ROBB

Stork alleges that a number of the rulings made by Superior Court Judge John M. Marnocha in *Stork v. State*, 71D02-1107-PC-39, were erroneous and deprived him of his constitutional rights. So too, he alleges that Court of Appeals of Indiana Judge Margret

G. Robb violated his constitutional rights when she found that his Notice of Appeal in *Stork v. State*, 71A03-1303-PC-112, was untimely and denied his motions. However, "[a] judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation marks, footnote, and citation omitted). Here, both judges had jurisdiction to rule in Stork's post-conviction proceedings. Therefore they are immune from suit and the claims against them must be dismissed.

CLAIMS AGAINST TERRI RETHLAKE

Stork alleges that the elected St. Joseph County Clerk of Court Terri Rethlake violated his constitutional rights by not filing the Petition for Rehearing that he sent to the court on October 16, 2012. He then alleges that she is in default because she did not respond to his inquires about whether the Petition for Rehearing had been filed. He does not allege that she refused to file it. He does not allege that she destroyed it. He does not even allege that she received it. He only alleges that he mailed it to the State court and that she, as the elected official in charge of the office, did not file it. "Section 1983 claims cannot be founded on negligence." *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). The complaint does not allege that she intentionally prevented the filing of

his Petition for Rehearing, but even if it did, these allegations would not state a claim because he has not alleged any facts which would plausibly support such a claim.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations and footnote omitted). "[I]n considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the

3

pleader is entitled to relief.'" *Iqbal* at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Here, the only facts alleged are that Stork mailed his Petition for Rehearing to the office supervised by St. Joseph County Clerk of Court Terri Rethlake and the petition was not docketed in his post-conviction case. Based on that, he speculates that she was involved. However, this does not state a plausible claim.[1]

## CLAIMS AGAINST KEVIN S. SMITH AND HEATHER SMITH

Stork alleges that Indiana Clerk of Courts Kevin S. Smith and Deputy Clerk of Courts Heather Smith violated his constitutional rights when (on several occasions) they sent him a "Notice of Defect" alerting him to one or more violations of the Indiana Rules of Appellate Procedure. In addition, he alleges that they violated his rights when (on several occasions) they sent him a "Notice of Return" when he did not cure those

---

[1] Moreover, Stork ultimately re-filed his Petition for Rehearing with a Notice of Explanation of Default. (DE # 1-2 at 28.) The trial judge reviewed those filings and denied them. (DE # 1-2 at 34.) Therefore, without regard to why his original petition was not filed, he was – at most delayed access to the court – not denied access.

defects by the deadline. However, because these notices were sent pursuant to a standing order of the Indiana Supreme Court, both defendants have judicial immunity.

> Absolute judicial immunity also has been extended to the conduct of a second group of individuals. When functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer, we have held that that officer's immunity is also available to the subordinate. The policy justifying an extension of absolute immunity in these circumstances is to prevent court personnel and other officials from becoming a lightning rod for harassing litigation aimed at the court.

*Snyder v. Nolen*, 380 F.3d 279, 287 (7th Cir. 2004) (quotation marks, brackets, and citations omitted). *See also McDonald v. White*, 465 F. App'x 544, 548 (7th Cir. 2012) ("Judicial clerks are entitled to absolute immunity when they act at the direction of a judicial officer . . . .") Here, these two defendants were acting as ordered by *In re Matter of Documents Tendered for Filing that Fail to Comply with Certain rules of Appellate Procedure*, 94S00-1202-MS-111 (Ind. February 22, 2012), available at courts.IN.gov, https://courtapps.in.gov/Docket/Search/Detail?casenumber=94S001202MS00111. Therefore the claims against these two defendants must be dismissed.

<u>CLAIMS AGAINST GREG ZOELLER</u>

Stork alleges that Indiana Attorney General Greg Zoeller did not make a valid settlement when he denied Stork's Notice of Tort Claim because he did not rebut the facts point by point. Stork alleges that this constituted a void judgment and that the facts were stipulated when Attorney General Zoeller did not correct this error when given three days to do so. This is nonsense. The purpose of the Indiana Tort Claims Act, Indiana Code 34-13-3 *et seq.*, is to permit State officials the opportunity to investigate

5

and settle claims before they are filed in court. *See City of Indianapolis v. Buschman*, 988 N.E.2d 791, 793 (Ind. 2013). The rejection of a tort claim is not a judgment and there is no constitutional obligation to rebut alleged facts point by point. The failure to do so does not constitute a stipulation nor make the Attorney General financially liable. These allegations do not state a claim.

## CONCLUSION

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: March 17, 2015

                                            s/James T. Moody
                                            JUDGE JAMES T. MOODY
                                            UNITED STATES DISTRICT COURT